# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SEYMOUR JONES,  :
    Petitioner  :
            :    CASE NO. 3:05-CV-2255 **FILED**
    v.  :                   **SCRANTON**
            :
SHANNON, ET AL.,  :    (JUDGE NEALON)
    Respondents  :         NOV 1 3 2013

PER _____
DEPUTY CLERK

## MEMORANDUM

On November 1, 2005, Petitioner, William Seymour Jones, who is currently incarcerated

at the Gilmer Federal Correctional Institution ("FCI- Gilmer") in Glenville, West Virginia, filed a

habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the decision of the

Pennsylvania Board of Probation and Parole ("the Board") to sentence him to backtime on his

Dauphin County case after being convicted of federal charges. On February 24, 2006, this Court

dismissed the petition because the claims were not yet ripe and were unexhausted. (Doc. 36).

Petitioner's motions for reconsideration and to reopen, filed shortly thereafter, were denied. See

(Docs. 37-40). On April 25, 2013, Petitioner filed a motion to vacate or for relief asking this

Court to reconsider its Memorandum and Order of February 24, 2006, alleging that Respondents

had doctored records pertaining to his recommitment. (Doc. 42). After receiving a Miller-

Mason[1] notice, Petitioner filed a reply asking this Court not to recharacterize his motion under 28

U.S.C. § 2255. (Doc. 46). On June 20, 2013, Petitioner filed an amended motion for relief

pursuant to Rules 15 and 60 of the Federal Rules of Civil Procedure. (Doc. 45). Respondents

---

[1] United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999) (directing the district courts to apprise petitioners of the consequences of proceeding with a petition under 28 U.S.C. § 2255 and to afford them an opportunity to withdraw their petitions purportedly made under some other rule before making a section 2255 recharacterization); Mason v. Meyers, 208 F.3d 414, 417 (3d Cir. 2000) (applying Miller requirements to petitions filed under 28 U.S.C. § 2254).

filed a response and supporting memorandum to both motions on October 10, 2013. (Docs. 68-69). A traverse was filed on October 21, 2013. (Doc. 70). The motions are now ripe and, for the reasons set forth below, will be construed pursuant to Rule 60(b) and denied.

## Background

The following facts are taken from this Court's opinion dated February 24, 2006, denying Petitioner's petition for writ of habeas corpus. See (Doc. 36).

> In November 1981, Petitioner was convicted of robbery, unlawful restraint and conspiracy in the Court of Common Pleas in Dauphin County. (Doc. 21-2, Ex. A). This was Petitioner's second felony conviction, he previously served a 7 - 20 year sentence for armed robbery with a maximum date of April 1994. (Doc. 21-1, p.2). Following the 1981 conviction, the Pennsylvania Department of Corrections increased Seymour's minimum expiration date to April 2, 1995 and his maximum date to April 2, 2005. (Doc. 21-2, Ex. A). Petitioner was paroled to a residential facility ("ADAPPT House") on August 25, 1997, and completed his program at ADAPPT House on February 25, 1998.[2] (Doc. 2, p. 17).
>
> On December 15, 2000, while still on parole, Seymour pled guilty to a hindering charge in the Hunterdon County, New Jersey Superior Court.[3] (Doc. 21-2, Ex. D). Upon entry of his guilty plea, Seymour was sentenced to time served and he waived extradition from New Jersey to Pennsylvania. During the period of time that Seymour was incarcerated in New Jersey, from the July 13, 2000 commission of his offense until his December 15, 2000 sentencing, federal detainers were issued against him for his involvement in two jewelry store robberies. (Doc. 21-2, Ex. E). Seymour was arraigned on these charges on November 30, 2000. (Doc. 22, p.4).
>
> When Seymour was extradited from New Jersey and returned to Pennsylvania, he was held at Berks County Prison where a state parole

---

[2]ADAPPT House is a Berks County residential facility that provides chemical dependence treatment and prepares pre-release and parole community corrections candidates with group home services.

[3] Petitioner was arrested on July 13, 2000 in New Jersey and charged with possession of a controlled substance, distribution of a controlled substance, possession of a controlled substance with intent to distribute, and hindering. He entered a guilty plea to the hindering charge and the other counts were dismissed. (Doc. 21-2, Ex. D).

violation/revocation hearing was held on January 4, 2001.[4] (Doc. 22, p.4). After the hearing, Seymour was recommitted to serve six (6) months in state custody when available, (Doc. 22, Ex. F), and was returned to the State Correctional Institution at Graterford ("SCI-Graterford").[5] Seymour spent the next seven (7) months in state custody before he was allowed an authorized temporary absence to a federal detention center in Philadelphia. (Doc. 22, p.5).

Ultimately, Seymour was found guilty by a jury on the federal charges against him in the Eastern District of Pennsylvania[6]. On September 26, 2003, Seymour was sentenced to 521 months of federal incarceration followed by five (5) years of supervised release. (Doc. 21-2, Ex. H). [Following an appeal, Petitioner was resentenced on November 29, 2005, to 494 months imprisonment and five (5) years of supervised release. USA v. Jones, et al., No. 2:00-cr-660 (E.D. Pa. November 29, 2005).[7]]

Seymour was returned to state prison on October 2, 2003. (Doc. 22, p. 5). A second parole revocation hearing was held on January 9, 2004 to determine whether Seymour's Pennsylvania parole should be revoked due to his federal conviction. On May 6, 2004, the Pennsylvania Board of Probation and Parole (the "Board") recommitted Seymour to serve 72 months backtime concurrent with the 6 months of backtime imposed for his prior parole violations. (Doc. 21-2, Ex. I). On May 18, 2004 petitioner filed a request for administrative relief arguing that he did not receive credit for his backtime or credit for time served pursuant to the Board's warrant. This request for administrative relief was denied by letter mailed June 22, 2004. (Doc. 21-2, Ex. J, p.48).

On July 7, 2004, petitioner filed a Petition for Review to the Commonwealth Court challenging the May 6, 2004 Board determination. Specifically, Petitioner asserted that the Board failed to credit him for time he spent in the ADAPPT program and for other time when he was confined

---

[4] The hearing addressed Seymour's technical parole violation which resulted when Seymour left Pennsylvania for New Jersey, while on parole. The hearing further provided Seymour an opportunity to respond to his parole supervisor's recommendation that parole be revoked since Seymour committed another crime while in New Jersey.

[5] Seymour was recommitted to a state correctional institute as a technical parole violator to serve 6 months backtime, and as a convicted parole violator to serve 6 months backtime concurrently, for a total of 6 months backtime, when available. (Doc. 22, Ex. F).

[6] On July 24, 2001, Seymour was found guilty of conspiracy to commit Hobbs Act robbery, interference with commerce by robbery, brandishing a firearm during a crime of violence (2 counts) and possession of a firearm by a convicted felon (2 counts). (Doc. 21-2, Ex. G).

[7] Petitioner has a projected release date of August 21, 2037.

exclusively pursuant to the Board's warrant. (Doc. 21-2, Ex. J, p. 49). More importantly, Seymour's brief in support of his petition did not include any allegation of deprivation of due process or equal protection although the petition itself did make a passing reference to a due process denial. (Doc. 21-2, Ex. J). On December 29, 2004, the Commonwealth Court quashed Seymour's appeal as premature since the Board had not yet issued a recalculation order but rather only a recommitment order. (Doc. 2, p.19-20). Seymour then filed a Motion for Reconsideration with the Commonwealth Court and this motion was denied on March 1, 2005. (Doc. 2, p.25). On October 5, 2005, the Pennsylvania Supreme Court denied Seymour's petition for allowance of appeal. (Doc. 2, p.23)

(Doc. 36, pp. 2-5).

On November 1, 2005, Petitioner filed a petition for writ of habeas petition pursuant to 28 U.S.C. § 2254 in the above-captioned case challenging the Board's decision to impose a backtime sentence of 72 months, which is allegedly in excess of his maximum date, to not credit him for time served in ADAPPT House and in state custody on the parole warrant, and for deciding that he was unavailable to begin serving backtime. (Doc. 1).

On February 24, 2006, the habeas petition was denied because Petitioner's claims were not ripe and were unexhausted. (Doc. 36). This Court explained that "[w]hen a parolee from a state institution is convicted on federal charges and sentenced to federal prison, the federal sentence must be served before the service of backtime." (Id. at p. 8) (citing Alston v. Pennsylvania Board of Probation and Parole, 799 A.2d 875, 878 (Pa. Commw. 2002)). Further because the Parole Act provides that "'the period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator'", "'the date on which the service of backtime is set to begin cannot be known until the inmate is actually re-entered into state custody to serve the backtime.'" (Doc. 36, pp. 8-9), quoting Alston, 799 A.2d at 878; 61 P.S. §331.21a(a). Consequently, this

4

Court concluded that judicial review of Petitioner's backtime sentence was premature until he completed his federal sentence. (Doc. 36, p. 9). Additionally, because the Board had yet to recalculate Petitioner's sentence, his state remedies were not ripe and therefore unexhausted. (Id. at pp. 9-10).

On March 20, 2006, this Court denied Petitioner's motion for reconsideration, which conceded ripeness and only challenged exhaustion. See (Docs. 37-38). Petitioner filed a motion to reopen pursuant to Federal Rule of Civil Procedure 60(b) on April 20, 2006, alleging interference with access to the courts and due process violations. (Doc. 39). The motion was denied on April 26, 2006, because it did not challenge this Court's previous order, nor establish sufficient reasons to reopen the matter. (Doc. 40).

On April 25, 2013, seven (7) years later, Petitioner filed a motion entitled "Motion to Vacate and or for Relief base [sic] upon newly discovered evidence and disputed material facts pursueing [sic] to F.R.Civ.P. Rules 15(c) and or Rule 60b(6) because of manifest injustice." (Doc. 42). The motion asks this Court to reconsider its decision of February 24, 2006. (Id.). Petitioner asserts that he could not bring the motion sooner because he was in West Virginia and had no assistance. (Id. at p. 2). He asserts that his habeas claims were not premature. (Id.). Petitioner argues that there is a conflict between the law cited by this Court, requiring a state parolee to serve a new federal sentence before the service of backtime on his state case, and 61 Pa.C.S. § 6138(a)(5.1), which states: "[i]f the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term." (Doc. 42, pp. 2-3). Additionally, Petitioner alleges that Respondents lied to this

Court and doctored records pertaining to his recommitment. (Id. at pp. 3-4). He contends that on March 23, 2007, after being recommitted to serve his backtime, the Board relinquished jurisdiction to the federal authorities. (Id. at p. 4), citing (Doc. 42, Exs. D, E).

On April 29, 2013, this Court issued a Miller-Mason notice advising Petitioner that although he cites to Rules 15 and 60 of the Federal Rules of Civil Procedure, it is possible that his motion will be construed as a petition pursuant to section 2254.[8] (Doc. 43). Petitioner responded to the Order by asking this Court to not recharacterize his petition and, instead, to decide the motion pursuant to Rule 60(b). (Doc. 46). He also filed an amended motion for relief citing Rules 15 and 60 of the Federal Rules of Civil Procedure. (Docs. 45, 47).

The amended motion for relief alleges that Respondents committed a fraud upon this Court and that newly discovered evidence shows that Petitioner was in fact recommitted as a parole violator, with a maximum date of May 3, 2011. (Doc. 45, pp. 1-2). Petitioner asserts that Respondents doctored the parole order to read "when available." (Id. at pp. 5-7). He also argues that there is a conflict of the recommitment laws for parole violators who receive a new federal sentence. (Id. at pp. 3-4), citing 61 Pa.C.S. § 6138(a)(5.1); (Doc. 45, Ex. C, Order of the Dauphin County Court of Common Pleas denying Petitioner's motion to quash detainer). Petitioner asserts that he has exhausted administrative remedies. (Doc. 45, pp. 4, 6). He claims that there are extraordinary circumstances warranting relief under Federal Rules of Civil Procedure 5(d), 15(d), 60(b)(6), 60(d). (Id. at pp. 8, 10) (contending that subsections (1) through (5) of Rule 60(b) are inapplicable). He argues that his "motion is timely because it is being

---

[8]This Court offered no opinion as to whether the motion filed on April 25, 2013, (Doc. 42), should be analyzed pursuant to 28 U.S.C. § 2254, Rule 60, or under some other rule or statute. See (Doc. 43, p. 1 n.2).

raised at my earliest possible time, after much pro se investigation and the conflict of laws now known." (Id. at p. 9) (citing 61 Pa.C.S. § 6138(a)(5.1)).

On June 27, 2013, August 14, 2013, and October 28, 2013, Petitioner filed motions to appoint counsel. (Docs. 48, 57, 73). His briefs in support of the requests for counsel also address his pending motions for relief. (Docs. 49, 60). On August 2, 2013, this Court issued a show cause Order on Respondents directing them to respond to the motion to vacate and the amended motion for relief within thirty (30) days. (Doc. 50) (stating that the answer shall comply with Rule 5 of the Rules Governing Section 2254 Cases). On August 14, 2013, Petitioner filed a motion to compel seeking the Board's vote sheets and Respondents' compliance with Rule 5 of the Rules Governing Section 2254 Cases. (Doc. 58).

This Court granted Respondents an enlargement of time to answer the motion to vacate and amended motion for relief. See (Docs. 63, 65). On October 10, 2013, a response was filed to the motions. (Docs. 68-69). Respondents argue that the Rule 60(b) motion is untimely because it was filed after the one-year time limitation and because a seven-year delay cannot be considered "reasonable." (Doc. 68, pp. 11-13); (Doc. 69, pp. 10-13). Next, Respondents assert that Petitioner has failed to show extraordinary circumstances to succeed under Rule 60(b)(6) because there has been no fraud and Petitioner's challenge to his state sentence and backtime is premature. (Doc. 68, pp. 13-15); (Doc. 69, pp. 13-15). Finally, Respondents argue that a change in the law does not amount to "newly discovered evidence" under Rule 60(b)(2). (Doc. 68, pp. 15-17); (Doc. 69, pp. 15-16).

Petitioner filed a traverse on October 21, 2013. (Doc. 70). Petitioner contends that the response failed to address his allegations of doctored records. (Id. at pp. 1-2). He complains that

Respondents did not submit any records of his transfer from state to federal custody on January 31, 2007, and did not provide him with copies of the submitted exhibits.[9] (Id. at pp. 2-3). Petitioner asserts that he did exhaust state remedies. (Doc. 70, Affidavit at pp. 5-6). Further, he alleges that this Court was not presented with the actual recommitment paper and that his exhibits show he was suppose to serve his state time first. (Doc. 70, Affidavit at pp. 6-7). Petitioner claims that he could not discover the "newly discovered evidence" without the Right-to-Know Act and that Respondents still have not explained how the phrase "when available" was placed on his parole papers. (Id.). Petitioner alleges that Respondents hid him on the death row block at SCI-Greene after telling the Court that he was waiting transfer to SCI-Frackville. (Doc. 70, Affidavit at p. 9). Finally, Petitioner argues that this Court can grant relief under Rule 60(b)(6), alleging that "it has no time limitation." (Doc. 70, Affidavit at pp. 10-11).

Notably, Petitioner repeats/rephrases many of his arguments in several other documents, see (Docs. 47-49, 57, 59-60, 71-72), which this Court has also considered in reaching its decision.

## Discussion

### I. Motions to Appoint Counsel

Prisoners have no constitutional or statutory rights to appointment of counsel in federal habeas corpus proceedings, see Coleman v. Thompson, 501 U.S. 772, 752 (1991), and the appointment of counsel in such cases is mandatory only if the district court determines that an evidentiary hearing is required, see Rule 8(c) of the Rules Governing Section 2254 Cases. But,

---

[9]In a letter received October 22, 2013, Petitioner states that he received a second envelope containing Respondents' answer. (Doc. 71). In this letter, Petitioner refers to the exhibits attached to Respondents' answer. (Id.).

8

the court has broad discretionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require." See 18 U.S.C. § 3006A(a)(2). "Other factors a court must consider when making a decision regarding the appointment of counsel to represent a prisoner in a habeas action are whether a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim." White v. Williamson, 2008 U.S. Dist. LEXIS 37594, *2 (M.D. Pa. 2008) (Vanaskie, J.) (citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991)). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact and law. Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

For the reasons discussed herein, this Court finds that Petitioner's claims have no arguable merit and, further, that he has demonstrated the ability to investigate, prepare, and present comprehensible arguments. The motions to appoint counsel will be denied.

## II.    Jurisdiction

This Court has jurisdiction to entertain Petitioner's motions pursuant to Rule 60 of the Federal Rules of Civil Procedure. Although he previously filed a motion to vacate under 28 U.S.C. § 2254, it was dismissed as premature and unexhausted and therefore does not invoke the limitations on filing a second or successive petition in 28 U.S.C. § 2244(b). See Tyson v. Beard, 345 Fed. Appx. 744, 749 (3d Cir. 2009) (concluding that where a section 2254 petition is dismissed for failure to exhaust, it does not qualify as a "prior application" for purposes of 28 U.S.C. § 2244(b)). Moreover, a "Rule 60(b) motion does not constitute a second or successive petition when the petitioner 'merely asserts that a previous ruling which precluded a merits determination was in error — for example, a denial for such reasons as failure to exhaust,

procedural default, or statute-of-limitations bar.'" Daniels v. Wilson, 2013 U.S. Dist. LEXIS

103306, *9 (W.D. Pa. 2013) (citing Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)). A "Rule

60(b) motion is not, in effect, a habeas petition if the motion attacks a ruling on a non-merits

basis." Brewington v. Klopotoski, 2012 U.S. Dist. LEXIS 44713, *8 (E.D. Pa. 2012) (citing

Gonzalez, 545 U.S. at 532 n.4). "If neither the [Rule 60(b)] motion itself nor the federal

judgment from which it seeks relief substantively addresses federal grounds for setting aside the

movant's state conviction, allowing the motion to proceed as denominated creates no

inconsistency with the habeas statute or rules." Gonzalez, 545 U.S. at 533 (finding that the a

Rule 60(b)(6) motion alleging that the federal courts misapplied the statute of limitations fits this

description); Horton v. Dragovich, 2010 U.S. Dist. LEXIS 109012, *3 (E.D. Pa. 2010)

(concluding that where the petitioner "is only asking this court to vacate and reopen the ...final

judgment/order denying his habeas corpus petition as procedurally barred... it is proper to review

the motion because it is not the equivalent of a successive habeas petition"). Accordingly,

Petitioner's motions will be addressed pursuant to Rule 60 of the Federal Rules of Civil

Procedure.[10]

---

[10]To the extent Petitioner also seeks relief pursuant to Rule 15, the motions will be considered together. See Rosado v. Virgil, 487 Fed. Appx. 690, 692 (3d Cir. 2012) ("'When a party requests post-judgment amendment of a pleading, a court will normally conjoin the Rule 60(b) and Rule 15(a) motions to decide them simultaneously, as it 'would be a needless formality for the court to grant the motion to reopen the judgment only to deny the motion for leave to amend.'"), quoting Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). This Court "will not analyze his motion to reconsider ... under the considerably more relaxed standards for amending pleadings"; rather, he is required to present "extraordinary circumstances justifying relief." See Dominos Pizza, LLC v. Deak, 2013 U.S. App. LEXIS 16524, *4-6 (3d Cir. 2013). See also Winkelman v. United States, 2011 U.S. Dist. LEXIS 121351, *3-4 (M.D. Pa. 2011) (Kane, J.) (holding that a petitioner may not use Rule 15 to amend his previously denied motion to vacate until the judgment is set aside or vacated).

## III.    Rule 60(b)

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of

his case, under a limited set of circumstances including fraud, mistake, and newly discovered

evidence." Gonzalez, 545 U.S. at 528.  The Rule provides:

> (b) Grounds for Relief from a Final Judgment, Order, or
> Proceeding. On motion and just terms, the court may relieve a party or its legal
> representative from a final judgment, order, or proceeding for the following
> reasons:
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not
> have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party;
> > (4) the judgment is void;
> > (5) the judgment has been satisfied, released, or discharged; it is based
> on an earlier judgment that has been reversed or vacated; or applying it
> prospectively is no longer equitable; or
> > (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  "Rule 60(b)(6) ... permits reopening when the movant shows 'any . . .

reason justifying relief from the operation of the judgment' **other than** the more specific

circumstances set out in Rules 60(b)(1)-(5)." Gonzalez, 545 U.S. at 528-29 (emphasis added),

citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863, n.11 (1988); Klapprott

v. United States, 335 U.S. 601, 613 (1949).  A "movant seeking relief under Rule 60(b)(6) [must]

show 'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez, 545

U.S. at 535.  "It is available where the party seeking relief demonstrates that 'extreme' and

'unexpected' hardship will result absent such relief." Jackson v. Danberg, 656 F.3d 157, 165-66

(3d Cir. 2011) (citing United States v. Swift & Co., 286 U.S. 106, 119 (1932)).  The movant

bears a heavy burden of proof that extraordinary circumstances are present. Bohus v. Beloff, 950

F.2d 919, 930 (3d Cir. 1991); United States v. Rota, 1999 U.S. Dist. LEXIS 562, *5 (E.D. Pa. 1999).

A Rule 60(b) motion may not be used as a "second bite at the apple." See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). It "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Walsh v. Krantz, 2009 U.S. Dist. LEXIS 21525, *2 n.1 (M.D. Pa. 2009) (Conner, J.) (quoting Abu-Jamal v. Horn, 2001 U.S. Dist. LEXIS 20813, *35 (E.D. Pa. 2001)).

A "motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). " Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented." Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).

For convenience, Petitioner's grounds for relief will be addressed as four separate arguments. First, he makes numerous allegations that Respondents doctored records to read "when available", lied about his recommitment, and issued an order recalculating his maximum date as May 3, 2011. These arguments are based largely on the Board's decision dated August 25, 2004. See (Doc. 42, Exs. C, C-1). Second, Petitioner asserts that there is a conflict in the parole laws, specifically the Parole Act, 61 P.S. § 331.21a, and 61 Pa.C.S. § 6138(a)(5.1). Third, he contends that the Board relinquished jurisdiction by issuing a detainer on March 23, 2007. Finally, Petitioner argues that he did exhaust administrative and/or state remedies, contrary to what Respondents' claimed.

### A. Timeliness

1. Rule 60(b)(2), (3)

Petitioner asserts, inter alia, that "new evidence has surfaced," he "obtained newly discovered evidence that he was recommitted and the calculation for his parole violator max was May 3, 2011", and there is "newly discovered evidence" of a "conflict of the recommittment laws for parole violators." See (Doc. 45, pp. 1-3, 6); (Doc. 70, Affidavit at pp. 2-3). These grounds for relief are governed by Rule 60(b)(2), which allows a motion to be based on "newly discovered evidence." FED. R. CIV. P. 60(b)(2).

Petitioner also alleges that Respondents made "false submissions to this Court", "doctored records", "did commit fraud on this Court", and "lied to this Court." See (Doc. 42, pp. 1-4); (Doc. 45, pp. 1-2, 6, 8). Such arguments are covered by Rule 60(b)(3) for "fraud..., misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3).

Both types of claims are bound by a one-year period of limitations and are untimely asserted. See FED. R. CIV. P. 60(c)(1); Richards v. Ctr. County Transp. Auth., 2013 U.S. App. LEXIS 19511, *3 (3d Cir. 2013) ("Motions on the basis of newly discovered evidence and fraud must be made within a year of the entry of judgment."). To the extent Petitioner combines his arguments, alleging "newly discovered evidence" that Respondents "doctored records", the one-year filing deadline still applies. Id.; (Doc. 42, p. 3). The instant motions were filed seven (7) years after his petition for writ of habeas corpus was denied, his motion for reconsideration was denied, and his first Rule 60(b) motion was denied. See (Docs. 36, 38, 40). Accordingly, his motions based on Rule 60(b)(2) and (3) are untimely.

Furthermore, Petitioner's request for equitable tolling will be denied. See (Doc. 49, pp.

13

5-7). Rule 6 of the Federal Rules of Civil Procedure provides: "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." FED. R. CIV. P. 6(b)(2); James v. Vaughn, 2007 U.S. Dist. LEXIS 19043, *2 (E.D. Pa. 2007) (explaining that pursuant to Rule 6(b), a court may not extend the time to file a motion under Rule 60(b) and therefore denying the motion to reopen as untimely). Consequently, "the Court is powerless to extend the one year time limits imposed." Federal Deposit Ins. Co. v. Alker, 30 F.R.D. 527, 529 (E.D. Pa. 1962) (holding that the court "may not consider a motion for new trial under clauses (1), (2) and (3) of the Rule ... because the express terms of Rule 60(b) provide that a motion for new trial under these clauses may not be made more than one year after the judgment was entered"), affirmed by, 316 F.2d 236 (3d Cir. 1963).

2.    Rule 60(b)(6)

Construing the pro se submissions liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and considering Petitioner's claims pursuant to Rule 60(b)(6), this Court finds that they were not brought within a "reasonable time" and are therefore still subject to dismissal for untimeliness.[11] See FED. R. CIV. P. 60(c)(1). "What constitutes a 'reasonable time' depends on the circumstances of each case" and "which Rule 60(b) clause a claimant is trying to avail." In re Diet Drugs Prod. Liab. Litig., 383 Fed. Appx. 242, 246 (3d Cir. 2010). "A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." Id.; Pridgen v. Shannon, 2013 U.S. Dist. LEXIS 40848, *5 (E.D. Pa. 2013). Although Rule 60(b)(6) "is not subject to an

---

[11]Contrary to Petitioner's argument that Rule 60(b)(6) "has no time limitation", see (Doc. 70, Affidavit, p. 11), the motion "must be brought 'within a reasonable time'." Silfies v. Walsh, 2013 U.S. Dist. LEXIS 84503, *4 (M.D. Pa. 2013) (Kane, J.), quoting FED. R. CIV. P. 60(c)(1).

explicit time limit, ...a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6)." <u>In re Diet Drugs Prod. Liab. Litig.</u>, 383 Fed. Appx. 242, 246 (3d Cir. 2010) (internal citations omitted); <u>Pridgen</u>, 2013 U.S. Dist. LEXIS 40848 at *5-6. "A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." <u>Gordon v. Monoson</u>, 239 Fed. Appx. 710, 713 (3d Cir. 2007).

First, Petitioner's allegations of fraud are based mostly on the Board's decision dated August 25, 2004, which did not include the words "when available" but did include a recomputed maximum date of May 3, 2011. <u>See</u> (Doc. 42, Exs. C, C-1). Petitioner claims that Respondents committed fraud by not submitting these documents to the Court and doctored exhibits to read "when available." <u>See</u> (Doc. 45, pp. 1, 6). He alleges that evidence of his recommittment and the recalculated parole violator maximum date is newly discovered. <u>See</u> (Doc. 45, pp. 1-2).

Contrary to Petitioner's claim that evidence of fraud is newly discovered, he presented this argument to the Court more than seven (7) years ago, on January 18, 2006, before a decision was reached on the habeas corpus petition. <u>See</u> (Docs. 24, 30). The issue was raised again on March 14, 2006, in Petitioner's motion to reconsider the order denying his habeas claims as premature and unexhausted, and in his first Rule 60(b) motion to reopen, filed April 20, 2006. <u>See</u> (Docs. 37, 39). Accordingly, to the extent the Rule 60(b)(6) motion seeks relief based on the Board's decision made nine (9) years ago, the motion has not been made within a "reasonable time." <u>See</u> <u>Grande v. Patrick</u>, 2011 U.S. Dist. LEXIS 765, *2-3 (W.D. Pa. 2011) (stating that the Rule 60(b) motion, which alleged that the respondents fraudulently withheld transcripts from the

15

habeas court, appeared to be untimely when filed three (3) years after the habeas petition was dismissed); Rainey v. Dist. Attorney's Office of Phila., 2009 U.S. Dist. LEXIS 115777, *20-21 (E.D. Pa. 2009) (finding that the Rule 60(b) motion, which alleged fraud on the federal habeas court because the state withheld evidence pertaining to a photo array, was untimely filed more than four (4) years after the section 2254 petition was dismissed).

Second, Petitioner seeks relief under Rule 60(b)(6) based on the order in which a convicted parole violator is required to serve his new federal sentence and his state backtime sentence as delineated in 61 Pa.C.S. § 6138(a)(5.1). He alleges newly discovered evidence of the alleged conflict between this statute and the Parole Act, 61 P.S. § 331.21a. See (Doc. 45, p. 1).

Despite Petitioner's claim that he could not bring his motion sooner because he was not aware of the alleged conflict of laws, see (Doc. 45, p. 9), the Dauphin County Court of Common Pleas, in denying Petitioner's PCRA motion as untimely, cited 61 Pa.C.S. § 6138 in its opinion dated October 4, 2011. See (Doc. 42, Ex. A). Accordingly, Petitioner knew about the alleged "conflict of laws" at least eighteen (18) months prior to filing the instant motions. Furthermore, 61 Pa.C.S. § 6138(a)(5.1) was effective on October 13, 2009, and was therefore available as a basis for challenging the habeas decision three and a half (3½) years before the instant motions were filed. This Court finds no reason for Petitioner's delay and concludes that his challenge based on 61 Pa.C.S. § 6138(a)(5.1) is untimely. See United States v. Martinez-Hernandez, 2012 U.S. Dist. LEXIS 173001, *2-4 (E.D. Pa. 2012) (determining that the Rule 12(b)(6) motion filed in 2012, which relied on "newly discovered" cases decided in 2008 and 2011, was untimely); Horton, 2010 U.S. Dist. LEXIS 109012 at *7 (finding that the Rule 60(b)(6) motion alleging a change in the law was not made within a reasonable time because although the petitioner cited a

Supreme Court case decided only four (4) months prior, the legal theory he relied upon was addressed in a District Court opinion three (3) years earlier).

Next, Petitioner makes several arguments regarding his transfers between state and federal custody, asserting, inter alia, that the Board relinquished jurisdiction by issuing a detainer on March 23, 2007, and that he should be turned over to federal custody as of January 31, 2007. See (Doc. 45, p. 11); (Doc. 59, pp. 2-6).

These claims are based on events that took place six (6) years before the pending motions were filed and are untimely. See Burgos v. Superior Court, 355 Fed. Appx. 585, 587 (3d Cir. 2009) (finding that the Rule 60(b) motion filed seven (7) years after the district court's ruling in his section 2254 proceeding was "grossly untimely"). Assuming arguendo that Petitioner was not immediately aware of the Board's detainer, it is clear that he knew about it no later than April 1, 2011. This is evidenced from the letter he sent to the Board alleging that jurisdiction was relinquished on or about January 31, 2007, and asking that the parole violator detainer be dropped. See (Doc. 68, Ex. S). Also, Petitioner filed a motion to quash the detainer in the Dauphin County Court of Common Pleas, which was denied on July 26, 2011. See (Doc. 45, Ex. C). He waited more than two (2) years before raising the issue in federal court and has not shown any extraordinary circumstances to excuse his failure to proceed sooner; thus, his Rule 60(b)(6) motions, on these grounds, were not made in a reasonable time. See Moolenaar v. Government of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that the Rule 60(b)(6) motion was "not made within a reasonable time" when filed almost two (2) years after the district court's initial judgment and that although it was "brought only six weeks after the district court's judgment on remand, the reason for the attack upon that judgment was available

for attack upon the original judgment"); <u>Zwick v. Holt</u>, 2013 U.S. Dist. LEXIS 116740, *2 n.1 (M.D. Pa. 2013) (Caldwell, J.) (denying the Rule 60(b) motion, which sought to reopen the judgment denying federal habeas relief based on alleged fraud in the custody documentation issued by the BOP the following year, on its merits, but noting that "Respondent presents a strong argument that the motion is untimely").

Lastly, Petitioner asserts that, contrary to Respondents' arguments in 2006, he did exhaust remedies. (Doc. 70, Affidavit at pp. 5-6).

He presented this claim to the Court in his reconsideration motion filed March 14, 2006, (Doc. 37), and the issue was fully addressed in previous orders, <u>see</u> (Docs. 36, 38). Accordingly, this argument is not timely presented in the instant Rule 60(b) motions. See <u>Gray v. Kerestes</u>, 2011 U.S. Dist. LEXIS 92339, *5-6 (E.D. Pa. 2011) (dismissing the Rule 60(b)(6) motion as untimely when filed more than two (2) years after his federal habeas petition was dismissed on procedural grounds); <u>United States v. Mangiardi</u>, 2006 U.S. Dist. LEXIS 27888 (M.D. Pa. 2006) (McClure, J.) (concluding that a Rule 60(b)(6) motion "filed nearly four years after [denial of the] motion under section 2255" was not "within a reasonable time under subsection (6)").

This Court finds that all of the claims presented in the Rule 60(b) motions are untimely and subject to dismissal.

### B. *Merits*

1. <u>Fraud</u>

As previously discussed, Petitioner's allegations of fraud, which rely heavily on the Board's decision dated August 25, 2004, were presented to this Court while the habeas corpus petition was pending in 2006 and again after habeas relief was denied. <u>See</u> (Docs. 24, 30, 37,

39). "A movant who fails in the first attempt to persuade a court to adopt his position may not use a subsequent motion for reconsideration in order to rehash arguments already made and rejected, or to raise new arguments that he previously failed to raise before the court when the case was being decided." Romero v. Longley, 2013 U.S. Dist. LEXIS 106843, *5 (W.D. Pa. 2013) (denying the Rule 60(b) motion to reopen the order dismissing the habeas corpus petition), citing Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). Accordingly, Petitioner is not eligible for relief pursuant to Rule 60(b).

Moreover, Petitioner has failed to show that Respondents withheld evidence, doctored records, lied, or otherwise committed fraud on this Court.

Although Respondents did not originally submit evidence regarding the Board's decision dated August 25, 2004, there was no intentional misrepresentation. See Santiago v. Nash, 268 Fed. Appx. 177, 178 (3d Cir. 2008) (agreeing with the District Court that the petitioner did "not meet his heavy burden of proving that the prison's alleged concealment amounts to fraud or misconduct"). Importantly, the habeas petition challenged the Board's decision from May 6, 2004, not August 25, 2004, which explains Respondents' failure to include this evidence. (Doc. 1).

Additionally, the August decision was rescinded on December 30, 2005. See (Doc. 68, Ex. M). Because the Board's decision was rescinded, it would not have changed the outcome of the habeas case. See Baker v. Juniata County Child Care & Dev. Servs., 2009 U.S. Dist. LEXIS 23209, *7 (M.D. Pa. 2009) (Rambo, J.) ("For relief to be granted on the grounds of newly discovered evidence, the evidence must be such as would probably change the outcome of the case."), citing Giordano v. McCartney, 385 F.2d 154 (3d Cir. 1967). Further, this Court was

advised of the August 25, 2004 decision prior to ruling on the habeas petition; therefore, any misconduct did not prevent Petitioner from fully and fairly presenting his case. See Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983) ("To prevail [under Rule 60(b)(3)], the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case."). For these reasons, Petitioner's motion also fails to present extraordinary circumstances as required to obtain relief under Rule 60(b)(6). See Oliver v. Beard, 2013 U.S. Dist. LEXIS 54338, *7 (M.D. Pa. 2013) (Munley, J.) (holding, "Rule 60(b)(6) generally requires that the petitioners make 'a more compelling showing of inequity or hardship' than normally would be required to reopen a case under subsections (1) through (5)"), quoting Landano v. Rafferty, 897 F.2d 661, 682 (3d Cir. 1990).

As to Petitioner's allegation that Respondents doctored records to read "when available", this claim is without merit. Specifically, Petitioner alleges that Exhibit M, which is a copy of the Board's decision dated December 30, 2005, says nothing about "when available." See (Doc. 71, p. 3). However, this Exhibit states: "REFER TO BOARD ACTION OF 5/6/2004 TO RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A TECHNICAL AND CONVICTED PAROLE VIOLATOR **WHEN AVAILABLE** TO SERVE 72 MONTHS BACKTIME." (Doc. 68, Ex. M) (emphasis added).[12] Similarly, the Board's decision dated May 6, 2004, which was challenged in the habeas petition, provides: "RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A CONVICTED PAROLE VIOLATOR **WHEN**

---

[12]The second page of Exhibit M states: "SUBJECT MUST SERVE FEDERAL SENTENCE PRIOR TO BOARD BACKTIME." (Doc. 68, Ex. M).

**AVAILABLE** TO SERVE 72 MONTHS CONCURRENTLY,[13] FOR A TOTAL OF 72

MONTHS BACKTIME." (Doc. 21, Ex. I) (emphasis added). Because the decisions issued prior

to and after August, 2004 read "when available", Petitioner, relying on the fact that this language

was absent from the later rescinded decision of August 25, 2004, has not met his "heavy burden"

of proving that the records were doctored. See (Doc. 42, Ex. C-1); (Doc. 68, Ex. M).

Petitioner has also failed to prove that Respondents lied and/or made false submissions

regarding his recommitment. His reliance on the Board's decision dated August 25, 2004, setting

a new parole violation maximum date is misplaced because, inter alia, this decision was

rescinded on December 30, 2005. See (Doc. 42, Exs. C, C-1); (Doc. 68, Ex. M). Additionally,

although not specifically asserted as a basis for relief, this Court finds that the Board's

modification does not present extraordinary circumstances. See Deleaver v. Pa. Bd. of Prob. &

Parole, 2006 U.S. Dist. LEXIS 22420, *17-20 (M.D. Pa. 2006) (Kosik, J.) (denying the habeas

petitioner's argument that the Board erred in modifying its previous orders, placing him on

"when available" status, and later recomputing the parole violation maximum date), citing 61

P.S. § 331.21a(a). As explained in this Court's Memorandum and Order dated February 24,

2006, and as will be discussed in greater detail below, Petitioner is required to complete his new

federal sentence before serving his state backtime; therefore, the recomputed maximum date is

unknowable until the service of backtime begins. See Alston v. Pa. Bd. of Prob. & Parole, 799

---

[13]"Concurrently" referred to a concurrent sentence with the parole violator sentence of six
(6) months backtime, issued February 23, 2001. See Ayala v. Pa. Bd. of Prob. & Parole, 2003
U.S. Dist. LEXIS 23882, *4 n.3 (E.D. Pa. 2003) ("[U]nder 61 P.S. § 331.21a(a) service of back
time cannot run concurrent with service of the prison sentence for the crime that constitutes the
parole violation, and because the convicted violator receives no credit for time on parole."),
adopted by, 2004 U.S. Dist. LEXIS 12919 (E.D. Pa. 2004); (Doc. 21, Ex. I).

A.2d 875, 878 (Pa. Commw. Ct. 2002); (Doc. 36).  Furthermore, pursuant to the Parole Act, 61 P.S. § 331.21a(a), the Board had/has no authority to run Petitioner's federal sentence and state backtime sentence concurrently.  See Vance v. Pa. Bd. of Prob. & Parole, 741 A.2d 838, 840 (Pa. Commw. Ct. 1999); see also Ayala, 2003 U.S. Dist. LEXIS 23882.

Any reliance on the letter dated November 13, 2006, estimating the recalculated maximum date is similarly unpersuasive.  See (Doc. 70, Ex. B).  Not only did this letter refer to the "**estimated** recalculated max date", but the "current max date" was based on Petitioner's status after his technical parole violation, not his convicted parole violation.  Id. (emphasis added).  Petitioner's Rule 60(b) motion based on fraud will be denied.

In the absence of any evidence of fraud sufficient to justify relief pursuant to Rule 60(b), the motion will also be denied under Rule 60(d).  See Gagliardi v. Courter, 2011 U.S. Dist. LEXIS 16943, *6-7 (W.D. Pa. 2011) (explaining that fraud on the court under Rule 60(d)(3) is reserved for egregious conduct and is distinct from the type of fraud covered by Rule 60(b)(3), which includes misrepresentations or misconduct by opposing parties or counsel in a case and remains subject to the one-year statute of limitations).

2.    61 Pa.C.S. § 6138(a)(5.1)

It may be proper to review a motion "under Rule 60(b)(6) if the petitioner [is] seeking to avail himself of a procedural law modification that occurred after the appellate court affirmed the district court's judgment." Horton v. Dragovich, 2010 U.S. Dist. LEXIS 109012, *4 (E.D. Pa. 2010) (citing Gonzalez, 545 U.S. at 527 n.1).  But, a change in law will rarely qualify as one of the "other reasons" justifying relief. " Id. at *4-5.

22

Despite Petitioner's argument, 61 Pa.C.S. § 6138(a)(5.1) does not apply to his situation.[14]

This statute was effective October 13, 2009, but Petitioner is challenging the Board's decision of

May 6, 2004. See Harding v. Meisel, 2013 U.S. Dist. LEXIS 93721, *6-7 n.7 (E.D. Pa. 2013)

(stating that 61 P.S. § 331.21a applied prior to 2009 and the provisions of 61 Pa.C.S. § 6138

apply after October 13, 2009), adopted by, 2013 U.S. Dist. LEXIS 93385 (E.D. Pa. 2013).

Where changes to the Parole Act post-date the Pennsylvania Parole Board's decision, they "have

no impact" on the court's review. Wicker v. Pa. Bd. of Prob., 2010 U.S. Dist. LEXIS 28050,

*12-13 n.5 (M.D. Pa. 2010) (Caputo, J.) (discussing 61 Pa. C.S. § 331.21a and 61 Pa.C.S. §

6138). Consequently, as discussed in this Court's prior opinions, the Parole Act requires

Petitioner to serve his federal sentence before serving his state backtime. See (Docs. 36, 38)

(citing 61 P.S. § 331.21a). See also Arce v. Outlaw, 2007 U.S. Dist. LEXIS 1838, *13 (M.D. Pa.

2007) (Muir, J.) (explaining that the petitioner would not commence serving his 48-month

sentence for being a convicted parole violator "until he 'was available,' which apparently was not

until after he finished serving his federal sentence"). Because 61 Pa.C.S. § 6138(a)(5.1) does not

alter this Court's previous decisions, there are no extraordinary circumstances to justify

reopening judgment. See Knopick v. Downey, 2013 U.S. Dist. LEXIS 109943, *22 (M.D. Pa.

---

[14]Although the Dauphin County Court of Common Pleas referred Petitioner to 61 Pa. C.S. § 6138 in finding that his PCRA claims: (1) that the imposition of sentence was greater than the lawful maximum, and (2) that the Parole Board did not have jurisdiction, were misplaced, the relevant sections governing these two claims are 61 Pa.C.S. § 6138(a)(1) and (2). See (Doc. 42, Ex. A). These sections mirror section 21.1(a) of the Parole Act and the PCRA court's citation thereto does not offer relief. See Ford v. Pa. Bd. of Prob. & Parole, 2011 Pa. Commw. Unpub. LEXIS 367, *10 (Pa. Commw. Ct. 2011) (holding that at the time of the petitioner's "arrest on the new criminal charge, and at the time his parole was revoked by the Board [decision mailed April 24, 2009], former Section 21.1(a) of the act commonly known as the Parole Act was the governing law", but finding that "[s]imilar language is now codified as 61 Pa.C.S. § 6138(a)(1) and (2)").

2013) (Rambo, J.) (holding, " extraordinary circumstances will not arise when the change of case law does not affect the integrity of the court's earlier judgment.").

      3.      <u>Relinquished Jurisdiction, Detainer March 23, 2007</u>

Petitioner makes several arguments regarding his transfers between state and federal custody, alleging, <u>inter alia</u>, that the Board relinquished jurisdiction by issuing a detainer on March 23, 2007, and that he should be turned over to federal custody as of January 31, 2007. <u>See</u> (Doc. 42, p. 4, Exs. D and E); (Doc. 45, p. 11); (Doc. 59, pp. 2-6). He alleges that on March 23, 2007, he was recommitted to serve his backtime and that the parole violator detainer must be withdrawn. (Doc. 42, p. 4, Exs. D and E). Petitioner also refers to the Board's decision dated August 25, 2004, which set a new maximum date as May 3, 2011. (Doc. 42, p. 4, Ex. C).

As already discussed, the Board's action in August 2004 was rescinded on December 30, 2005, and does not support Petitioner's request for relief. <u>See</u> (Doc. 42, Exs. C, C-1); (Doc. 68, Ex. M). Furthermore, Petitioner previously raised the Board's decision from August 25, 2004, the recomputed maximum date of May 3, 2011, the Board's action in December 2005, his confinement in federal custody, and his transfers between federal and state custody. <u>See</u> (Docs. 24-25, 37). These arguments were presented while the habeas corpus petition was pending and again in Petitioner's first motion for reconsideration denying habeas relief. (<u>Id.</u>). Thus, with the exception of the detainer issued on March 23, 2007, this Court has already heard, and rejected, Petitioner's claims. These issues may not be relitigated seven (7) years later under Rule 60(b). <u>See</u> <u>Walsh</u>, 2009 U.S. Dist. LEXIS 21525 (denying the motion for reconsideration because it "simply repeats arguments raised on two previous occasions" which were previously considered and rejected).

The Board's letter dated March 23, 2007, directs FCI- Gilmer to lodge an arrest warrant as a detainer. See (Doc. 42, Exs. D and E). Contrary to Petitioner's argument, the detainer does not relinquish jurisdiction; rather, it places a hold on Petitioner so that when his federal sentence is complete he may be released to the state parole violator warrant. The Third Circuit Court of Appeals has explained that when the Board relinquishes custody of a parole violator to the BOP to serve his federal sentence before beginning to serve backtime for his parole violation, the Board is "following the mandate of state law and [does] not relinquish jurisdiction ... or otherwise surrender any right to place a detainer on him pending completion of his federal sentence." Massaquoi v. Smith, 179 Fed. Appx. 839, 841-42 (3d Cir. 2006) (citing Bellochio v. Commonwealth, 559 A.2d 1024, 1026-27 (Pa. Commw. Ct. 1989)). Petitioner's transfer between state and federal custody also fails to support his Rule 60(b) motion because "it is well settled that either sovereign may voluntarily surrender a prisoner to the other without loss of jurisdiction and without the prisoner's consent." Bellochio, 559 A.2d at 1026-27. See also Arce v. Outlaw, 2007 U.S. Dist. LEXIS 1838, *13 (M.D. Pa. 2007) (Muir, J.) (concluding that because the petitioner would not begin serving his state backtime sentence until after his new federal sentence expired, his transfer to federal custody and the Board's detainer requiring that he be returned to state custody after completing his federal sentence were not unlawful). The Rule 60(b) motion on these grounds will be denied.

4.    Exhaustion

Petitioner asserts that he has exhausted administrative remedies and was misled by Respondents. See (Doc. 45, p. 4). He claims that newly discovered evidence of doctored records, conflicting parole laws, and information withheld by Respondents shows that he did in

fact exhaust remedies. (Id. at p. 6). As previously discussed, Petitioner's arguments of doctored records and other fraud by Respondents are without merit, and his claim based on conflicting parole laws offers no support.

Further, "Pennsylvania law provides that a federal sentence for a crime committed by a parolee while on parole from a state sentence must be served before any time ordered in connection with the parolee's re-commitment." Massaquoi, 179 Fed. Appx. at 841-42 (3d Cir. 2006) (citing 61 P.S. § 331.21a(a); Bellochio, 559 A.2d at 1026). Accordingly, "the date on which the service of backtime is set to begin cannot be known until the inmate is actually re-entered into state custody to serve the backtime." Alston v. Pa. Bd. of Prob. & Parole, 799 A.2d 875, 878 (Pa. Commw. Ct. 2002). As explained in this Court's prior opinions, Petitioner's challenge to the Board's recalculation is not yet ripe and remains unexhausted. See (Docs. 36, 38). Therefore, Petitioner has failed to show extraordinary circumstances justifying relief under Rule 60(b). See Gonzalez, 545 U.S. at 535 (concluding that extraordinary "circumstances will rarely occur in the habeas context").

**Conclusion**

This Court has jurisdiction because Petitioner's motions for relief are properly characterized pursuant to Rule 60(b). But, his motions are untimely. His claims are largely based on allegations of newly discovered evidence and fraud, and have been brought well beyond the one-year period of limitations. To the extent that his arguments may be considered pursuant to Rule 60(b)(6), they have not been made within a reasonable time.

Nevertheless, this Court has considered the merits of Petitioner's claims and finds no basis for granting relief. Petitioner has not shown that Respondents doctored records or

26

otherwise committed fraud on this Court. His claim that the Board already recalculated his parole maximum date and relinquished jurisdiction to federal authorities is incorrect. Petitioner's reliance on 61 Pa.C.S. § 6138(a)(5.1) is misplaced because the statute was not effective until October 13, 2009, years after the Board's decision. Because these arguments are without merit, this Court's 2006 ruling that Petitioner's habeas claims are premature and unexhausted remains correct. Accordingly, Petitioner has failed to show extraordinary reasons justifying relief and his Rule 60 motions will be denied.

A separate Order will be issued.

Date: November 12, 2013

United States District Judge