IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM SEYMOUR JONES, :
    Petitioner :
: CASE NO. 3:05-CV-2255
v. :
: (JUDGE NEALON)
SHANNON, ET AL., :
    Respondents :

FILED
SCRANTON
JAN 31 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

On November 1, 2005, Petitioner, William Seymour Jones, who is currently confined at the Gilmer Federal Correctional Institution in Glenville, West Virginia, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging the calculation by the Pennsylvania Board of Probation and Parole ("the Board") of his parole violation sentence of backtime on his Dauphin County criminal case for being convicted of new federal charges. (Docs. 1-2). On February 24, 2006, this Court dismissed the petition because the claims were not yet ripe and were unexhausted as Petitioner had to serve his federal sentence of 494 months imprisonment before the service of backtime. (Doc. 36, pp. 8-9) (explaining that because "'the date on which the service of backtime is set to begin cannot be known until the inmate is actually re-entered into state custody to serve the backtime'", any challenge to the computation of that sentence is premature), citing Alston v. Pennsylvania Board of Probation and Parole, 799 A.2d 875, 878 (Pa. Commw. 2002). Petitioner's motions for reconsideration and to reopen, filed shortly thereafter, were denied. See (Docs. 37-40).

On April 25, 2013, and June 20, 2013, Petitioner filed motions for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Docs. 42, 45). He alleged that: (1) Respondents committed fraud by, inter alia, doctoring parole records to read "when available"; (2) 61 Pa.C.S.

§ 6138(a)(5.1) dictates that he serve his state backtime sentence before his federal sentence; (3) the Board relinquished jurisdiction to federal authorities; and (4) he exhausted remedies. (Id.). On November 13, 2013, the motions were denied. (Docs. 74-75). It was determined, initially, that the motions for relief were untimely. (Doc. 74). Nevertheless, this Court went on to address the merits of Petitioner's claims and found no basis for granting relief. (Id.). Specifically, it was concluded that there was no evidence Respondents doctored records or otherwise committed fraud; that 61 Pa.C.S. § 6138(a)(5.1) does not apply to Petitioner's sentence because the statute's effective date was years after the Board's decision; that the Board did not relinquish jurisdiction to federal authorities by recalculating his parole maximum date, by issuing a detainer, or by transferring Petitioner between federal and state custody; and that because the service of his state backtime has not yet begun, Petitioner's challenge to the Board's recalculation remained unexhausted. (Id.).

Between November 20, 2013, and November 26, 2013, Petitioner filed an affidavit, a supporting brief, a motion for clarification, a motion to take judicial notice, and a motion for reconsideration, all related to and/or challenging this Court's decision dated November 13, 2013. See (Docs. 76-80). On January 22, 2014, this Court issued a Memorandum and Order denying his motions. (Docs. 81-82). It was concluded that Petitioner failed to demonstrate an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error of law or fact, and that his motions were largely an attempt to relitigate his claims and offer new arguments, which was not a basis for reconsideration. (Doc. 81, p. 20). The Memorandum thoroughly explained why each of Petitioner's arguments, which related, inter alia, to the timeliness of his Rule 60(b) motion, his fraud allegations, the alleged relinquishment of

jurisdiction and transfers between state and federal authorities, and due process violations, were without merit. (Id. at pp. 5-20).

On January 23, 2014, Petitioner filed a request for a certificate of appealability, stating once again that he disagrees with the November 13, 2013 Memorandum. (Doc. 83). On January 30, 2014, Petitioner filed objections, along with a supporting affidavit, challenging this Court's decision dated January 22, 2014. (Doc. 84).

As to Petitioner's request for a certificate of appealability and for the reasons set forth in previous decisions, see (Docs. 36-38, 40, 74-75, 81-82), this Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). His request will be denied. See Burgos v. Superior Court, 355 Fed. Appx. 585, 587 (3d Cir. 2009) (denying the request for a certificate of appealability, following a Rule 60(b) motion, because the petitioner's attempt to challenge the District Court's ruling in his § 2254 proceeding on procedural grounds was "grossly untimely" when filed seven years after the initial judgment, and "[t]o the extent he challenged the merits of the ruling in the § 2254 proceeding, his motion would be a second or successive habeas petition that the District Court lacked jurisdiction to consider").

Next, this Court finds no basis to reconsider its January 22, 2014, Memorandum and Order. Petitioner's objections seeking reconsideration of the decision denying his motions for reconsideration present duplicative litigation that is a waste of judicial resources. See Dieffenbach v. Crago, 2010 U.S. Dist. LEXIS 135419, *1-2 (M.D. Pa. 2010) (Kane, J.) (concluding that the plaintiff's "decision to file a baseless motion to reconsider a motion to reconsider an order adopting a magistrate's report and recommendation represents an unfortunate

3

decision to engage in duplicative and abusive litigation"). Petitioner's most recent objections represent his third[1] separate attempt in less than a year to relitigate a decision that is now almost eight years old, which the Court also denied to reconsider in 2006. See (Docs. 36-40, 42, 45, 74-84). For the reasons discussed in earlier decisions, see (Docs. 36-38, 40, 74-75, 81-82), Petitioner's objections and request to reconsider will be denied.

A separate Order will be issued.

Date: January 31, 2014

United States District Judge

---

[1] This is Petitioner's third round of litigation in the past year, but this Court considered numerous filings in each round. See (Docs. 42, 45-49, 57-60, 70-73, 76-80, 83-84).